UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AirTourist Holdings, LLC, a California Limited Liability Company; Jason Chen, an individual; and Edgar Park, an individual,<br><br>       Petitioners,<br><br>  -against-<br><br>Citibank, N.A.,<br><br>       Respondent. | Civil Action No. _____<br><br>**PETITION FOR TURNOVER ORDER PURSUANT TO FED. R. CIV. P. 69 AND N.Y. C.P.L.R. 5225b AND 5227** |

1. Petitioners AirTourist Holdings, LLC ("AirTourist"), Jason Chen ("Chen"), and Edgar Park ("Park" and collectively "Petitioners"), by their attorneys Arent Fox LLP, for its Petition for an order directing turnover of money, state as follows:

### The Parties

2. Petitioner AirTourist is a California limited liability company and former stockholder of Travana, Inc. ("Travana").

3. Petitioner Chen is the former Chief Executive Officer of Travana, and former stockholder of Travana.

4. Petitioner Park is the former Chief Legal Officer of Travana, and former stockholder of Travana.

5. HNA Group ("HNA"); HNA Group (International) Co., Ltd. ("HNA International"); HNA Capital Ltd. ("HNA Capital"); Wang Jian ("Jian"); Tan Xiangdong ("Xiangdong"); Shi Lei ("Lei"); Charles Mobus ("Mobus"); and Li Ming Bi ("Bi" and collectively "Debtors") are defendants in a parallel litigation from the Northern District of California, Case No. 4:17-cv-04989-JSW, in which Petitioners obtained a judgment against Debtors on June 1, 2021.

6. Citibank, N.A. ("Citibank" or "Respondent") is named as the respondent, as it maintains accounts, and is in possession of, funds for Debtor Mobus.

**Jurisdiction**

7. This Court may exercise personal jurisdiction over Citibank as Respondent regularly conducts continuous and systematic business within this district in such a manner and extent that includes but is not limited to maintaining branch and corporate offices within this Court's jurisdiction, so as to be subject to this Court's jurisdiction.

8. This Court has subject matter jurisdiction pursuant to the Court's ancillary jurisdiction to enforce the judgment entered in the Northern District of California, Case Number 4:17-cv-04989, captioned *AirTourist Holdings, LLC et al v. HNA Group et al*. ("California Action")

**Procedural Background**

9. Petitioners and Debtors have litigated the California Action for over four years.

10. The Court in the California Action compelled arbitration between the parties. California Action Dkt. No. 89.

11. Petitioners and Debtors participated in arbitration and on January 18, 2021, an arbitral tribunal issued a final award in favor of Petitioners and against Debtors ("Award"). A true and correct copy of the Award is attached hereto as **Exhibit A**.

12. On June 1, 2021, the judge in the California Action entered a judgment reflecting the arbitration award in favor of Petitioners against HNA Group ("HNA"), HNA Group (International) Co., Ltd. ("HNA International"), HNA Capital Ltd. ("HNA Capital"), Wang Jian ("Jian"), Tan Xiangdong ("Xiangdong"), Shi Lei ("Lei"), Charles Mobus ("Mobus"), and Li Ming Bi ("Bi" and collectively, "Defendants" or "Debtors").

13. Due to typographical errors in the initial judgment, the California Court twice amended the judgment, with the Second Amended Judgment dated July 26, 2021 ("Judgment"). A true and correct copy of the Judgment is attached hereto as **Exhibit B**.

14. Pursuant to the Award and Judgment, Debtor Mobus is joint and severally liable to Petitioners in the principal sum of **$594,385,** with statutory interest at the rate of 6% per annum from October 1, 2016, until paid in full.

15. Pursuant to the Award and Judgment, Debtor Mobus is also joint and severally liable to Petitioner Chen in the amount of **$696,850**, plus 6% interest from March 15, 2017 until payment.

16. The total amount Debtor Mobus is jointly and severally liable to Petitioners is $1,291,235.

17. The Judgment was not rendered by default or confession and its enforcement has not been stayed in the state of California.

18. Despite the Debtors' obligations under the Judgment, as of the filing of this Petition, none of the Debtors, including Mobus, has made any payments to Petitioners to satisfy the Judgment.

**Citibank Has Property Subject to Execution Pursuant to CPLR §§ 5225(b) or 5227**

19. On August 25, 2021, Petitioners' attorneys served a restraining notice and information subpoena pursuant to CPLR §§ 5222 and 5224 upon Citibank regarding the Judgment against Debtor Mobus ("Restraining Notice"). A true and correct copy of the Restraining Notice is attached hereto as **Exhibit C**.

20. On or about August 27, 2021, Citibank wrote to Petitioners' attorneys that pursuant to the Restraining Notice, Citibank was restraining $60,296.12 of funds from accounts related to Debtor Mobus (the "Mobus Accounts"). A true and correct copy of the letter from Citibank in response to the Restraining Notice is attached hereto as **Exhibit D**.

21. Pursuant to Fed. R. Civ. P. 69 and N.Y. CPLR § 5225(b), or alternatively N.Y. CPLR § 5227, Petitioners are entitled to money which Citibank has in its possession which is owed to Petitioners pursuant to the Judgment.

**WHEREFORE**, Petitioners respectfully request that an order be entered directing Citibank to pay to the attorneys for Petitioners all monies in its possession related to Debtor Mobus which is owed to Petitioners, up to the maximum amount of $1,291,235, together with interest at the rate of 6% per annum, and for such other and further relief as the Court deems just and proper.

DATED: September 21, 2021        Respectfully submitted,

By: *David A. Yearwood*
David A. Yearwood
**ARENT FOX LLP**
1301 Avenue of the Americas, Fl. 42
New York, NY 10019
Tel: 212-484-3900
Email: david.yearwood@arentfox.com
*Attorneys for Petitioners*